McKIE v. OAKLAND MORTGAGE CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADING.
   Question of whether or not bill of complaint properly pleaded
   fraud will not be considered on appeal from dismissal of bill
   where motion to dismiss was not based upon such ground.

2. MORTGAGES—EQUITY—FRAUD—MOTION TO DISMISS.
   Bill by mortgagors, seeking an accounting, moratorium relief,
   cancellation of alleged usurious and illegal charges, to be
   allowed to redeem by paying actual amount due and to have
   foreclosure set aside, filed seven months after expiration of
   period of redemption, which contained allegations that plain-
   tiffs were fraudulently led to disregard their rights until
   after period of redemption had expired *held*, improperly dis-
   missed since it alleges ground for equitable relief based on
   fraud and motion to dismiss did not raise sufficiency of bill
   in that particular (Act No. 98, Pub. Acts 1933, as last amended
   by Act No. 158, Pub. Acts 1935).

NORTH, C. J., and BUTZEL and BUSHNELL, JJ., dissenting.

Appeal from Genesee; Parker (James S.), J.
Submitted June 4, 1936. (Docket No. 66, Calendar
No. 38,541.) Decided October 5, 1936.

Bill by George McKie and wife against Oakland
Mortgage Company, a Michigan corporation, and
Investors Syndicate, a Minnesota corporation, to re-
strain issuance of a writ of restitution and for an
accounting and other relief. Bill dismissed. Plain-
tiffs appeal. Reversed.

*Walter C. Jones* and *Maurine L. Jones,* for plain-
tiffs.

*Brownell & Gault,* (*Morris Zwerdling,* of coun-
sel), for defendants.

Toy, J.   Plaintiffs appeal from a decree of the circuit court in chancery granting motion of defendants and dismissing plaintiffs' bill of complaint.

In their bill of complaint the plaintiffs allege that they were owners of a certain house and lot in the city of Flint and that in November, 1928, they secured a loan from the defendant Oakland Mortgage Company and that a mortgage to secure said loan was made to the defendant Investors Syndicate. They allege that at the time of giving said mortgage the defendants deducted $244.53 as charges for making such loan, although the interest rate on said mortgage was seven per cent.   They allege that they were charged interest upon interest and that illegal interest charges were deducted by defendants on many occasions when plaintiffs made payments upon said mortgage; that defendants commenced foreclosure proceedings and that defendant Investors Syndicate secured a sheriff's deed after foreclosure sale on August 9, 1933, and that the deed was given for the sum $3,605.16.   They allege that the period of redemption expired August 9, 1934; that plaintiffs still have possession of property and have been paying rent to defendants in the amount of $30 per month since the expiration of the redemption period; that they had been led to believe that the Home Owners Loan Corporation bonds applied for by them would be accepted by defendants before the period of redemption expired; that the Home Owners Loan Corporation offered $2,700 which the defendants refused.   Plaintiffs alleged:

"The defendants told the plaintiffs that they would not lose the property and led them to believe that they would have nothing to fear, and were misled and lulled by the defendants in not acting to protect their rights before the period of redemption

expired. In fact with the last week the defendants have held out the hope of the Home Owners Loan Corporation loan being completed. That the defendants did not reject the loan until after the period of redemption expired. Thus the plaintiffs were prevented by the defendants from acting sooner to protect their property.''

Plaintiffs seek an accounting, moratorium relief, cancellation of the alleged usurious and illegal charges, and to be allowed to redeem by paying the actual amount due and to have the foreclosure set aside. Defendants moved to dismiss the bill and dissolve the temporary injunction which had been issued restraining eviction, on two stated grounds, namely: that because plaintiffs did not file their bill of complaint until several months (7) after expiration of the redemption period they are not entitled to relief under the Michigan moratorium statute; and that plaintiffs were not in a position to raise the question of usury after the expiration of the period of redemption.

The court granted the motion.

Plaintiffs in their brief, say:

''There is only one question involved in this case:
''A. Inasmuch as the defendants fraudulently led the plaintiffs to disregard their rights until after the period of redemption had expired, may the plaintiffs still obtain relief, either by an accounting with an opportunity to redeem, being given credit for illegal charges, bonuses and interest or under the moratorium.''

Defendants counter by saying that the allegations of fraud relied on by plaintiffs are conclusions and hence not properly pleaded. The motion to dismiss, however, was not based upon this ground, therefore we will not here consider it. Plaintiffs allege fraud. They are entitled to a hearing thereon. Had de-

·fendants before the trial court raised the point now presented, namely, the insufficiency of the fraud allegations, the plaintiffs on proper showing would have been entitled to amend. Not having raised the point below, we will not consider it here. As presented to us, the bill alleges ground for equitable relief based on fraud. Therefore the order dismissing such bill is reversed and set aside, with costs to plaintiffs.

FEAD, WIEST, and SHARPE, JJ., concurred with TOY, J.

· NORTH, C. J. (*dissenting*). Upon motion of defendants' counsel plaintiffs' bill of complaint was dismissed. I think the order and decree of dismissal should be affirmed.

Plaintiffs are not entitled to moratorium relief because their bill of complaint was not filed until seven months after the period of redemption had expired. Act No. 158, Pub. Acts 1935.* The facts above stated appear from the bill of complaint as filed.

The only other ground upon which plaintiffs seek relief is an alleged fraudulent usurious charge. We think the bill as drawn fails to state a cause of action on the ground of fraud. But aside from this plaintiffs have not alleged a cause of action in consequence of which they are entitled to any equitable relief. In their prayer for relief they seek an accounting in consequence of alleged usurious charges; and they also ask to "be allowed to redeem said premises by paying the actual amount due the defendants, the same being hereby tendered." Plaintiffs have been guilty of inexcusable laches by which they are barred from being decreed the right to

---

* Act No. 98, Pub. Acts 1933, amended by this act has also been amended by Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), and Acts Nos. 3 and 152, Pub. Acts 1935.—REPORTER.

redeem. They have stood by during the period of foreclosure and the year of redemption, and seven months thereafter filed this bill of complaint. Such delay is not sufficiently explained or excused by any allegation in the bill; and under such circumstances plaintiffs should not be permitted to challenge the foreclosure proceedings, nor are they equitably entitled to additional time within which to redeem.

So far as an accounting is sought, based upon an alleged fraud, if plaintiffs are entitled to any relief at all they have an adequate remedy at law. Failure of plaintiffs to file their bill of complaint before the expiration of the period of redemption is one of the reasons assigned in support of the motion to dismiss. The motion was properly granted.

The decree entered in the circuit court should be affirmed, with costs.

BUTZEL and BUSHNELL, JJ., concurred with NORTH, C. J. POTTER, J., did not sit.